IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| **STRAGENT, LLC and SEESAW FOUNDATION,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**INTEL CORPORATION,**<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 6:11-CV-421<br>§<br>§<br>§  JURY TRIAL DEMANDED<br>§<br>§ |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") complain against Defendant Intel Corporation ("Intel"), as follows:

## PARTIES

1.  Plaintiff Stragent is a Texas limited liability company having its principal place of business in Longview, Texas.

2.  Plaintiff SeeSaw is a Texas non-profit corporation intended to qualify as an entity exempt from income tax as an organization described in Internal Revenue Code section 501(c)(3) and as a supporting organization described in Internal Revenue Code section 509(a)(3)(B)(i) (a "Type 1 Supporting Organization") to SeeSaw, Inc. (doing business as SeeSaw Children's Place), a Texas non-profit corporation exempt from income tax under section 501(c)(3) of the Internal Revenue Code, having its principal place of business in Longview, Texas.

3. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 6,848,072 ("the '072 patent") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware." The '072 patent was duly and legally issued on January 25, 2005. A true and correct copy of the '072 patent is attached as Exhibit A.

4. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 7,028,244 ("the '244 patent") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware." The '244 patent was duly and legally issued on April 11, 2006. A true and correct copy of the '244 patent is attached as Exhibit B.

5. Plaintiff SeeSaw is the owner by assignment of United States Patent No. 7,320,102 ("the '102 patent") entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware." The '102 patent was duly and legally issued on January 15, 2008. A true and correct copy of the '102 patent is attached as Exhibit C.

6. Plaintiff Stragent is the exclusive licensee of the '072 patent, the '244 patent, and the '102 patent (collectively "the Patents-in-Suit"), having an exclusive, worldwide, transferable, retroactive and prospective license ("the License") under the Patents-in-Suit, with the right to sublicense others, to (i) make, have made, use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the Patents-in-Suit without any restriction, subject to certain encumbrances. Stragent further has the exclusive right under the License to maintain, enforce, or defend the Patents-in-Suit, including without limitation pursuing and collecting damages, royalties, and other payments and obtaining injunctive relief and other remedies for past, current and future infringement of the Patents-in-Suit and pursuing and entering into any settlement related to a claim of infringement.

7. On information and belief, Defendant Intel is a Delaware corporation having its principal place of business in Santa Clara, California.

## JURISDICTION AND VENUE

8. This action arises under the patent laws of the United States, Title 35 of the United States Code. Thus, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. On information and belief, Defendant Intel has transacted business in this district and has committed acts of patent infringement in this district. Thus, venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

10. On information and belief, Defendant Intel has conducted and does conduct substantial business in this forum, directly or through intermediaries, such substantial business including but not limited to: (i) at least a portion of the infringements alleged herein; (ii) purposefully and voluntarily placing one or more infringing products into the stream of commerce with the expectation that they will be purchased by consumers in this forum; and/or (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District. Thus, Defendant Intel is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,848,072

11. On information and belief, Defendant Intel has been and now is directly infringing the '072 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Intel's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least

the Intel Xeon 7500 Processor Series with Intel 7500 Chipset, and any other product made, used, offered for sale, and/or sold by Intel that infringes at least Claim 1 of the '072 patent. Intel is thus liable for direct infringement of the '072 patent pursuant to 35 U.S.C. § 271(a).

12. At least by filing this Complaint, Plaintiffs have given Defendant Intel written notice of the infringement.

13. As a result of Defendant Intel's infringement of the '072 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 7,028,244

14. On information and belief, Defendant Intel has been and now is directly infringing the '244 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Intel's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Intel Xeon 7500 Processor Series with Intel 7500 Chipset, and any other product made, used, offered for sale, and/or sold by Intel that infringes at least Claim 1 of the '244 patent. Intel is thus liable for direct infringement of the '244 patent pursuant to 35 U.S.C. § 271(a).

15. At least by filing this Complaint, Plaintiffs have given Defendant Intel written notice of the infringement.

16. As a result of Defendant Intel's infringement of the '244 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 7,320,102

17. On information and belief, Defendant Intel has been and now is directly infringing the '102 patent in the State of Texas, in this judicial district, and elsewhere in the United States. Intel's direct infringements include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least the Intel Xeon 7500 Processor Series with Intel 7500 Chipset, and any other product made, used, offered for sale, and/or sold by Intel that infringes at least Claim 1 of the '102 patent. Intel is thus liable for direct infringement of the '102 patent pursuant to 35 U.S.C. § 271(a).

18. At least by filing this Complaint, Plaintiffs have given Defendant Intel written notice of the infringement.

19. As a result of Defendant Intel's infringement of the '102 patent, Plaintiffs have suffered monetary damages that are adequate to compensate them for the infringement under 35 U.S.C. § 284, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court enter:

A. A judgment in favor of Plaintiffs that Defendant Intel has directly infringed the '072 patent;

B. A judgment in favor of Plaintiffs that Defendant Intel has directly infringed the '244 patent;

C. A judgment in favor of Plaintiffs that Defendant Intel has directly infringed the '102 patent;

D. A judgment and order requiring Defendant Intel to pay Plaintiffs their damages, costs, expenses, prejudgment and post-judgment interest, and post-judgment royalties for

Defendant Intel's infringement of the '072, '244, and '102 patents as provided under 35 U.S.C. § 284; and

E. Any and all other relief to which the Court may deem Plaintiffs entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Respectfully submitted,

/s/ Eric M. Albritton

Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone:  (903) 757-8449
Facsimile:  (903) 758-7397

Barry J. Bumgardner
Texas State Bar No. 24041918
barry@nbclaw.net
Jaime K. Olin
Texas State Bar No. 24070363
jolin@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

*Attorneys for Plaintiffs Stragent, LLC and SeeSaw Foundation*