## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| **STRAGENT, LLC and SEESAW FOUNDATION,** | § § § | |
| **Plaintiffs,** | § § | |
| **vs.** | § § | **CIVIL ACTION NO. 6:11-CV-421-LED** |
| **INTEL CORPORATION,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § | |

### ANSWER TO ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

For its response to the Original Complaint for Patent Infringement (the "Complaint") filed by Plaintiffs Stragent, LLC ("Stragent") and SeeSaw Foundation ("SeeSaw") (collectively, "Plaintiffs"), Defendant and Counterclaimant Intel Corporation ("Intel") submits this Answer and Counterclaim as follows:

### The Parties

1.      Intel lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint, which has the effect of a denial of those allegations.

2.      Intel lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 2 of the Complaint, which has the effect of a denial of those allegations.

3.      Intel admits that a copy of a document entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware," labeled as U.S. Patent No. 6,848,072 ("the '072 patent") and bearing an issue date of January 25, 2005, is attached to the Complaint as Exhibit A. Intel lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint, which has the effect of a denial of those allegations.

4.      Intel admits that a copy of a document entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware," labeled as U.S. Patent No. 7,028,244 ("the '244 patent") and bearing an issue date of April 11, 2006, is appended to the Complaint as Exhibit B. Intel lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint, which has the effect of a denial of those allegations.

5.      Intel admits that a copy of a document entitled "Network Processor Having Cyclic Redundancy Check Implemented in Hardware," labeled as U.S. Patent No. 7,320,102 ("the '102 patent") and bearing an issue date of January 15, 2008, is appended to the Complaint as Exhibit C.  Intel lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint, which has the effect of a denial of those allegations.

6.      Intel lacks knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint, which has the effect of a denial of those allegations.

7.      Responding to paragraph 7 of the Complaint, Intel admits that it is a Delaware corporation and that its principal place of business is located in Santa Clara, California.

### Jurisdiction and Venue

8.      Responding to paragraph 8 of the Complaint, Intel admits that the Complaint purports to allege claims arising under the patent laws of the United States, but denies that any grounds exist for Plaintiffs' claims under those laws.  Intel does not dispute that the Court has subject matter jurisdiction of the claims asserted in this action.

9.      Responding to paragraph 9 of the Complaint, Intel denies that it has committed any acts of patent infringement, either directly or indirectly, and either literally or under the doctrine of equivalents, in this district or elsewhere.  Intel does not dispute that the requirements of 28 U.S.C. §§ 1391(c) and 1400(b) are met, but contends that venue in another forum would be

more convenient.   To the extent paragraph 9 includes any remaining allegations directed toward Intel, Intel denies such allegations.

10.     Responding to paragraph 10 of the Complaint, Intel denies that it has committed any acts of patent infringement, either directly or indirectly, and either literally or under the doctrine of equivalents, in this judicial district or elsewhere.   The remaining allegations of paragraph 10 appear to be directed to personal jurisdiction over Intel, which Intel does not contest.   To the extent paragraph 10 includes any remaining allegations directed toward Intel, Intel denies such allegations.

### Count I
### Alleged Infringement of U.S. Patent No. 6,848,072

11.     Intel denies the allegations of paragraph 11 of the Complaint.

12.     Responding to paragraph 12 of the Complaint, Intel admits that it received a copy of the Complaint on August 22, 2011.   Intel denies that it has committed any acts of patent infringement, either directly or indirectly, and either literally or under the doctrine of equivalents, and therefore denies that any grounds exist for Plaintiffs' allegations contained in the Complaint.

13.     Intel denies the allegations of paragraph 13 of the Complaint.

### Count II
### Alleged Infringement of U.S. Patent No. 7,028,244

14.     Intel denies the allegations of paragraph 14 of the Complaint.

15.     Responding to paragraph 15 of the Complaint, Intel admits that it received a copy of the Complaint on August 22, 2011.   Intel denies that it has committed any acts of patent infringement, either directly or indirectly, and either literally or under the doctrine of equivalents, and therefore denies that any grounds exist for Plaintiffs' allegations contained in the Complaint.

16.     Intel denies the allegations of paragraph 16 of the Complaint.

## Count III
## Alleged Infringement of U.S. Patent No. 7,320,102

17.     Intel denies the allegations of paragraph 17 of the Complaint.

18.     Responding to paragraph 18 of the Complaint, Intel admits that it received a copy of the Complaint on August 22, 2011.  Intel denies that it has committed any acts of patent infringement, either directly or indirectly, and either literally or under the doctrine of equivalents, and therefore denies that any grounds exist for Plaintiffs' allegations contained in the Complaint.

19.     Intel denies the allegations of paragraph 19 of the Complaint.

## Prayer for Relief

Intel denies that Plaintiffs are entitled to any of the grounds for relief enumerated in the Complaint and respectfully requests that the Court enter judgment against Plaintiffs on all of Plaintiffs' claims.  To the extent that the Prayer for Relief includes any factual allegations, Intel denies those allegations.

## DEFENSES

Further responding to the Complaint, Intel asserts the following defenses.  Nothing in these defenses is intended to or shall be a concession or assumption that Intel bears the burden of proof as to any matter raised in any defense.  In addition to the defenses described below, Intel reserves the right to assert additional defenses and to amend its Answer to the Complaint as additional information becomes known through the course of discovery.

20.     Intel has not directly or indirectly infringed, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced the infringement of any valid, enforceable, and asserted claim of the '072, '244 or '102 patents, and is not liable for infringement of those patents.

21.     One or more of the asserted claims of each of the '072, '244 and '102 patents are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

22.     Plaintiffs' claim for damages predating the filing of this lawsuit is barred by their failure to meet the requirements of 35 U.S.C. § 287.

23.     Plaintiffs are barred from recovery, in whole or in part, by the doctrines of waiver, laches and/or estoppels, including prosecution history estoppel.

24.     Plaintiffs are not entitled to injunctive relief because any injury to Plaintiffs is not immediate and/or irreparable, and because it has an adequate remedy at law.

25.     Plaintiffs' recovery of costs is barred by 35 U.S.C. § 288.

26.     To the extent that any products accused of infringing the '072, '244 and '102 patents are used by and/or manufactured for the United States Government, Plaintiffs' claims against Intel with respect to such products may not be pursued and are subject to limitations pursuant to 28 U.S.C. § 1498.

Intel's investigation of the claims and its defenses is continuing.  In addition to the defenses set forth herein, Intel expressly reserves the right to allege and assert any additional affirmative defenses under Rule 8 of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defense, at law or in equity, that may now exist or become known or available in the future based upon discovery and further investigation in this case.

## <u>COUNTERCLAIM OF INTEL CORPORATION</u>

Intel alleges the following as its Counterclaim against Seesaw Foundation ("Seesaw") and Stragent LLC ("Stragent") (collectively, "Plaintiffs"):

20336-1363/LEGAL21792876.1
20336-1363/LEGAL21867764.1

27.     Intel realleges and incorporates by reference the averments of its Answer in paragraphs 1-26 as though fully set forth herein.

## **The Parties**

28.     Intel is a Delaware corporation with its principal place of business located in Santa Clara, California.

29.     Seesaw has alleged that it is a Texas non-profit corporation with its principal place of business located in Longview, Texas.

30.     Stragent has alleged that it is a Texas limited liability company, having its principal place of business located in Longview, Texas.

31.     Stragent is a patent holding company.

32.     Stragent's exclusive business is the acquisition, licensing and litigation of patents.

## **Jurisdiction and Venue**

33.     This is a Counterclaim arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, *et seq.*, and the Patent Act, 35 U.S.C. § 1, *et seq.* for a judicial declaration that the '072, '244 and '102 patents are invalid and not infringed.

34.     This Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

35.     This Court has personal jurisdiction over Plaintiffs because, *inter alia*, Plaintiffs have submitted to the jurisdiction of this Court by purposefully availing themselves of the benefits and protections of the laws of this judicial district through filing suit against Intel in this district.

20336-1363/LEGAL21792876.1
20336-1363/LEGAL21867764.1

36.     To the extent that venue over Plaintiffs' claims is found to be proper, venue over this Counterclaim in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), although would be more convenient in another forum.

## Factual Background

37.     In the Complaint, Plaintiffs allege that Seesaw is the owner by assignment of the '072, '244 and '102 patents.  Plaintiffs further allege that Stragent is the exclusive licensee of each of the '072, '244 and '102 patents.

38.     In the Complaint, Plaintiffs allege that Intel has infringed and is now infringing the '072, '244 and '102 patents.  Intel has denied these allegations.

39.     As a result of Plaintiffs' actions and statements, including the filing of the Complaint, an actual and justiciable controversy has arisen between Intel and Plaintiffs regarding the validity and alleged infringement of the '072, '244 and '102 patents.

40.     A judicial declaration and determination is necessary and appropriate at this time to allow Intel to ascertain its rights and duties with respect to the '072, '244 and '102 patents.

## Count I
## Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,848,072

41.     Intel incorporates by reference the allegations set out in paragraphs 27-40 of this Counterclaim, above, as though fully set forth herein.

42.     Plaintiffs have filed an infringement action in this Court to enforce the '072 patent against Intel.  Intel has denied that it has infringed or is now infringing any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '072 patent. Intel has further alleged that one or more claims of the '072 are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  Therefore, an actual and justiciable

- 7 -

controversy exists between Plaintiffs and Intel regarding the validity and alleged infringement of the '072 patent.

43.     Intel seeks and is entitled to a judicial declaration and determination that it has not directly or indirectly infringed, nor is it now directly or indirectly infringing, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced infringement of any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '072 patent.

44.     Intel seeks and is entitled to a judicial declaration and determination that each claim of the '072 patent asserted against Intel is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Count II
## <u>Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,028,244</u>

45.     Intel incorporates by reference the allegations set out in paragraphs 27-44 of this Counterclaim, above, as though fully set forth herein.

46.     Plaintiffs have filed an infringement action in this Court to enforce the '244 patent against Intel.  Intel has denied that it has infringed or is now infringing any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '244 patent. Intel has further alleged that one or more claims of the '244 are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.   Therefore, an actual and justiciable controversy exists between Plaintiffs and Intel regarding the validity and alleged infringement of the '244 patent.

47.     Intel seeks and is entitled to a judicial declaration and determination that it has not directly or indirectly infringed, nor is it now directly or indirectly infringing, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced infringement of any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '244 patent.

48.     Intel seeks and is entitled to a judicial declaration and determination that each claim of the '244 patent asserted against Intel is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## Count III
## Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,320,102

49.     Intel incorporates by reference the allegations set out in paragraphs 27-48 of this Counterclaim, above, as though fully set forth herein.

50.     Plaintiffs have filed an infringement action in this Court to enforce the '102 patent against Intel.  Intel has denied that it has infringed or is now infringing any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '102 patent. Intel has further alleged that one or more claims of the '102 are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.   Therefore, an actual and justiciable controversy exists between Plaintiffs and Intel regarding the validity and alleged infringement of the '102 patent.

51.     Intel seeks and is entitled to a judicial declaration and determination that it has not directly or indirectly infringed, nor is it now directly or indirectly infringing, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced infringement of

any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '102 patent.

52.     Intel seeks and is entitled to a judicial declaration and determination that each claim of the '102 patent asserted against Intel is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 102, 103, and/or 112.

## REQUEST FOR RELIEF

WHEREFORE, Intel respectfully requests that the Court enter an Order and Judgment against Plaintiff and Counterdefendant as follows:

53.     A dismissal with prejudice of Plaintiffs' Complaint against Intel;

54.     A denial of any and all relief sought by Plaintiffs;

55.     Judgment against Plaintiff and in favor of Intel in all respects;

56.     A declaration that the claims of the '072, '244 and '102 patents are invalid;

57.     A declaration that neither Intel nor any of its products infringe (directly, indirectly, literally and/or under the doctrine of equivalents) any valid claim of the claim of the '072, '244 and '102 patents;

58.     A determination that this case is exceptional under 35 U.S.C. § 285 to support an award to Intel of its attorney fees and costs incurred in connection with this action; and

59.     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

60.     Intel demands a trial by jury of all issues triable to a jury.

20336-1363/LEGAL21792876.1
20336-1363/LEGAL21867764.1

Dated: October 12, 2011                         Respectfully submitted,


Chad S. Campbell                                */s/ Chad S. Campbell, with permission by*
LEAD ATTORNEY                                   *Michael E. Jones*
  CSCampbell@perkinscoie.com                    Michael E. Jones
Aaron H. Matz                                     mikejones@potterminton.com
  AMatz@perkinscoie.com                         Patrick Clutter, IV
Tyler R. Bowen                                    patrickclutter@potterminton.com
  TBowen@perkinscoie.com                        POTTER MINTON
PERKINS COIE LLP                                110 N. College 500 Plaza Tower
2901 North Central Avenue, Suite 2000           Tyler, Texas  75702
Phoenix, AZ  85012-2788                          (903) 597-8311
(602) 351-8000                                  (903) 593-0846 (facsimile)
(602) 648-7193 (facsimile)


                                                ATTORNEYS FOR DEFENDANT
Michael D. Broaddus                             Intel Corporation
  MBroaddus@perkinscoie.com
Christina J. McCullough
  CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Ave., 48th Floor
Seattle, WA 98101
(206) 359-8000
(206) 359-9000 (facsimile)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 12, 2011.


                                                */s/ Michael E. Jones*

20336-1363/LEGAL21792876.1
20336-1363/LEGAL21867764.1