IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| STRAGENT, LLC and TAG FOUNDATION, | § § § | |
| | § | CIV. ACTION NO. 6:11-CV-421-LED |
| *Plaintiffs*, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| INTEL CORPORATION, | § § | |
| *Defendant*. | § § | |

**PLAINTIFFS STRAGENT, LLC'S AND TAG FOUNDATION'S ANSWER TO DEFENDANT INTEL CORPORATION'S COUNTERCLAIM IN RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Stragent, LLC and TAG Foundation, Plaintiffs in the above-captioned civil action, respond to each of the numbered paragraphs of the counterclaim of Defendant Intel Corporation, as set forth in Intel's Answer to First Amended Complaint for Patent Infringement (Dkt. No. 77) ("Answer") as follows:

**COUNTERCLAIM OF INTEL CORPORATION**

31.  In paragraph 31, Intel purports to reallege and incorporate by reference the averments in paragraphs 1-30 of its Answer.  To the extent necessary to respond, Plaintiffs restate and incorporate by reference the allegations set forth in their First Amended Complaint for Patent Infringement (Dkt. No. 71) ("Complaint") and deny the allegations set forth in paragraphs 24-30 of Intel's Answer.

**The Parties**

32.  Plaintiffs admit the allegations set forth in paragraph 32.

33. Plaintiffs admit the allegations set forth in paragraph 33.

34. Plaintiffs admit the allegations set forth in paragraph 34.

35. Plaintiffs admit that Stragent owns patents. Plaintiffs deny any remaining allegations set forth in paragraph 35.

36. Plaintiffs deny the allegations set forth in paragraph 36.

## Jurisdiction and Venue

37. Plaintiffs admit that Intel purports to counterclaim under the Declaratory Judgment Act, 28 U.S.C. § 2201, 2002, *et seq.*, and the Patent Act, 35 U.S.C. § 1, *et seq.*, for a judicial declaration that U.S. Patent No. 6,848,072 ("the '072 patent"), U.S. Patent No. 7,028, 244 ("the '244 patent"), and U.S. Patent No. 7,320,102 ("the '102 patent") are invalid and not infringed. Plaintiffs deny any remaining allegations set forth in paragraph 37 and specifically deny that Intel is entitled to any such declaration.

38. Plaintiffs admit the allegations set forth in paragraph 38.

39. Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs because Plaintiffs have submitted to the jurisdiction of this Court by purposefully availing themselves of the benefits and protections of the laws of this judicial district through filing suit against Intel in this district. Plaintiffs are without sufficient information to form an understanding as to the remaining allegations of this paragraph, if any, and therefore deny them.

40. Plaintiffs admit that venue over Intel's Counterclaim in this judicial district is proper pursuant to 28 U.S.C. §§ 1391 (b) and (c). Plaintiffs deny the remaining allegations set forth in paragraph 40.

## Factual Background

41. Plaintiffs admit the allegations set forth in paragraph 41.

42. Plaintiffs admit that, the Complaint, they allege that Intel has infringed and is now infringing the '072, '244, and '102 patents. Plaintiffs admit that Intel has purported to deny Plaintiffs' allegations that Intel has infringed and is now infringing the '072, '244, and '102 patents. Plaintiffs deny any remaining allegations set forth in paragraph 42 and specifically deny that Intel has not infringed and is not now infringing the '072, '244, and '102 patents.

43. Plaintiffs admit that, as a result of their filing of the Complaint, an actual and justiciable controversy has arisen between themselves and Intel regarding the '072, '244, and '102 patents. Plaintiffs deny any remaining allegations of paragraph 43.

44. Plaintiffs admit that a judicial declaration and determination is necessary and appropriate at this time. Plaintiffs lack information or knowledge sufficient to form a belief as to the remaining allegations of paragraph 44, if any, and therefore deny them.

## Count I
### Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 6,848,072

45. Plaintiffs restate and incorporate by reference each answer to paragraphs 31-44 above, but Plaintiffs deny the allegations in those paragraphs unless specifically admitted therein.

46. Plaintiffs admit that they have filed an infringement action in this Court to enforce the '072 patent against Intel. Plaintiffs admit that Intel has purported to deny that it has been and now is directly infringing the '072 patent, and that Intel has alleged that it has not infringed any valid, enforceable, and asserted claim of the '072 patent. Plaintiffs admit that Intel has further alleged that one or more claims of the '072 patent are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs admit that an actual and justiciable controversy exists between themselves and Intel regarding the '072 patent. Plaintiffs deny any remaining allegations of paragraph 46.

47. Plaintiffs admit that Intel purports to seek a judicial declaration and determination that it has not directly or indirectly infringed, nor is it now directly or indirectly infringing, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced infringement of any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '072 patent. Plaintiffs deny the remaining allegations set forth in paragraph 47.

48. Plaintiffs admit that Intel purports to seek a judicial declaration and determination that each claim of the '072 patent asserted against Intel is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs deny the remaining allegations set forth in paragraph 48.

## Count II
### Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,028,244

49. Plaintiffs restate and incorporate by reference each answer to paragraphs 31-48 above, but Plaintiffs deny the allegations in those paragraphs unless specifically admitted therein.

50. Plaintiffs admit that they have filed an infringement action in this Court to enforce the '244 patent against Intel. Plaintiffs admit that Intel has purported to deny that it has been and now is directly infringing the '244 patent, and that Intel has alleged that it has not infringed any valid, enforceable, and asserted claim of the '244 patent. Plaintiffs admit that Intel has further alleged that one or more claims of the '244 patent are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs admit that an actual and justiciable controversy exists between themselves and Intel regarding the '244 patent. Plaintiffs deny any remaining allegations of paragraph 50.

51. Plaintiffs admit that Intel purports to seek a judicial declaration and determination that it has not directly or indirectly infringed, nor is it now directly or indirectly infringing, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced infringement of any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '244 patent. Plaintiffs deny the remaining allegations set forth in paragraph 51.

52. Plaintiffs admit that Intel purports to seek a judicial declaration and determination that each claim of the '244 patent asserted against Intel is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs deny the remaining allegations set forth in paragraph 52.

## Count III
## Declaratory Judgment of Invalidity and Non-Infringement of U.S. Patent No. 7,320,102

53. Plaintiffs restate and incorporate by reference each answer to paragraphs 31-52 above, but Plaintiffs deny the allegations in those paragraphs unless specifically admitted therein.

54. Plaintiffs admit that they have filed an infringement action in this Court to enforce the '102 patent against Intel. Plaintiffs admit that Intel has purported to deny that it has been and now is directly infringing the '102 patent, and that Intel has alleged that it has not infringed any valid, enforceable, and asserted claim of the '102 patent. Plaintiffs admit that Intel has further alleged that one or more claims of the '102 patent are invalid for failing to comply with the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs admit that an actual and justiciable controversy exists between themselves and Intel regarding the '102 patent. Plaintiffs deny any remaining allegations of paragraph 54.

55. Plaintiffs admit that Intel purports to seek a judicial declaration and determination that it has not directly or indirectly infringed, nor is it now directly or indirectly infringing, either literally or under the doctrine of equivalents, contributed to the infringement of, or induced infringement of any of Plaintiffs' patent rights, including any rights in or to any valid, enforceable, and asserted claim of the '102 patent. Plaintiffs deny the remaining allegations set forth in paragraph 55.

56. Plaintiffs admit that Intel purports to seek a judicial declaration and determination that each claim of the '102 patent asserted against Intel is invalid for failing to comply with one or more of the requirements for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112. Plaintiffs deny the remaining allegations set forth in paragraph 56.

## INTEL'S REQUEST FOR RELIEF

Plaintiffs deny that Intel is entitled to any relief and specifically deny all the allegations and requests for relief contained in paragraphs 57-63 of Intel's Answer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment denying and dismissing Intel's counterclaim, and that the Court enter judgment in favor of Plaintiffs as requested in Plaintiffs' First Amended Complaint for Patent Infringement (Dkt. No. 71), as amended or supplemented.

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, request a trial by jury of any issues so triable by right.

Dated: January 4, 2013                          Respectfully submitted,

/s/ Jaime K. Olin
Eric M. Albritton
Texas State Bar No. 00790215
ema@emafirm.com
Stephen E. Edwards
Texas State Bar No. 00784008
see@emafirm.com
Debra Coleman
Texas State Bar No. 24059595
drc@emafirm.com
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397

Barry J. Bumgardner
Texas State Bar No. 24041918
barry@nbclaw.net
Jaime K. Olin
Texas State Bar No. 24070363
jolin@nbclaw.net
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: (817) 377-9111
Facsimile: (817) 377-3485

*Attorneys for Plaintiffs Stragent, LLC and TAG Foundation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this 4th day of January 2013.

/s/ Jaime K. Olin
Jaime K. Olin