**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **STRAGENT, LLC, *et al.*,** | § | |
| | § | |
| **v.** | § | **No. 6:11-cv-421-LED-JDL** |
| | § | |
| **INTEL CORPORATION.** | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Intel Corporation's ("Intel") Motion to Dismiss Co-Plaintiff TAG Foundation ("TAG") for Lack of Standing (Doc. No. 102). Co-Plaintiffs Stragent, LLC ("Stragent") and TAG (collectively, "Plaintiffs") have filed a Response (Doc. No. 108), which was subsequently amended (Doc. No. 130) ("RESP."). Intel filed a Reply (Doc. No. 109) which was also amended (Doc. No. 139), and Plaintiffs filed a Sur-Reply (Doc. No. 142). Plaintiffs also filed a Notice of Supplemental Authority (Doc. No. 177) ("SUPP. AUTH."). Having fully considered the parties' arguments, the Court **RECOMMENDS** that Intel's Motion to Dismiss for Lack of Standing be **GRANTED WITHOUT PREJUDICE.**

On August 10, 2011, Plaintiffs filed the instant lawsuit, alleging that Intel infringes U.S. Patent Nos. 6,848,072 ("the '072 Patent"), 7,028,244 ("the '244 Patent"), and 7,320,102 ("the '102 Patent") (collectively, "the asserted patents").[1] Prior to the lawsuit on March 18, 2010, Stragent executed an assignment that included the asserted patents to the SeeSaw Foundation, now known as TAG. (Doc. No. 102-2, Ex. 1) ("Assignment"). Shortly thereafter, on April 22, 2010, Stragent and [TAG] executed an Exclusive Patent License Agreement (Doc. No. 102-3, Ex. 2) ("EPLA"), where [TAG] granted to Stragent the "worldwide, transferable, exclusive license under the [asserted patents] with the right to sublicense others, to (i) make, have made,

[1] Plaintiffs are no longer asserting the '102 patent.

use, sell, offer to sell, import and lease any products, (ii) use and perform any method, process, and/or services, and (iii) otherwise practice any invention in any manner, such that Stragent has full right to enforce and/or sublicense the [asserted patents] without any restriction, subject to the [listed] encumbrances."[2] EPLA at §2.1.

On May 1, 2013, Intel filed the instant Motion, arguing that TAG lacks constitutional standing to bring the instant suit because TAG transferred all substantial rights in the asserted patent to Stragent in the EPLA. MOT. at 1-2. Intel further argues that this standing issue is nearly identical to the standing issue resolved in *Azure Networks, LLC v. CSR PLC LLC,* No. 6:11cv139 MHS-JDL (E.D. Tex. Jan. 16, 2013) (adopted by Judge Schneider on Mar. 6, 2013) ("*Azure* R&R"), where the Court dismissed co-plaintiff TCEF for lack of standing. That issue is currently on appeal before United States Court of Appeals for the Federal Circuit, and awaiting a decision following oral argument earlier this month. SUPP. AUTH.

Plaintiffs argue that while negotiating the terms of the EPLA, both Stragent and TAG intended for SeeSaw (now TAG) to retain substantial rights in the asserted patents for tax purposes. RESP. at 2. Further, Plaintiffs disagree with this Court's findings and analysis of the standing issue in *Azure. Id.* at 3.

The Court finds Plaintiffs' arguments unpersuasive. On its face, the EPLA transfers all substantial rights in the patents to Stragent, to include the exclusive right to enforce the patents. EPLA at § 4.4. Specifically, Stragent was granted "the exclusive right to enforce and defend" the asserted patents, as well as all interest to "all claims, causes of action and enforcement rights, whether currently pending, filed, or otherwise." *Id*. The only mention of a litigation interest for TAG is where the agreement states "at Stragent's request and expense, SeeSaw agrees to join Stragent as a party and cooperate with Stragent in any patent infringement suit, if, Stragent

[2] None of the listed encumbrances relate to the instant litigation. EPLA at 12-13.

determines in its sole discretion that SeeSaw's participation is necessary or desirable to address a legal issue (e.g. establish sufficient standing to enforce the [asserted patents] against third parties, etc.)" *Id.* Notably, this is the same language utilized in the agreement between Azure and TCEF that the Court found insufficient to confer standing on TCEF. *Azure* R&R at 6.

As to Plaintiffs' argument concerning the EPLA's negotiation terms, it is the terms of the parties' agreement, not their subjective intent, that determines who owns the patents at issue. *Alfred E. Mann Found. for Scientific Research v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010). Further, the ELPA contains an integration clause whereby "[the] Agreement constitutes the entire agreement between the Parties and supersedes any and all prior or contemporaneous oral or written communications with respect to the subject matter hereof, all of which are merged herein." ELPA at § 7.4. Thus the proposals by SeeSaw's counsel during negotiation of the ELPA are insignificant. It is the language of the ELPA itself that controls, and that language grants all substantial rights to enforce the asserted patents to Stragent.

To the extent the Court has not addressed all of Plaintiffs arguments in this R&R, due to the similar circumstances as discussed above, the Court follows the same reasoning and maintains the findings of the *Azure* R&R in reconciling the standing issue in this case.

For all the foregoing reasons, the Court **RECOMMENDS** that Intel's Motion to Dismiss Co-Plaintiff TAG Foundation for Lack of Standing be **GRANTED WITHOUT PREJUDICE**. The Court recognizes that the issue resolved in this R&R is on appeal at the Federal Circuit. Should the Federal Circuit reverse this Court's decision in the *Azure* appeal, Plaintiffs may file to join TAG as a co-plaintiff in the instant litigation within ten days of the Federal Circuit's issuance of an opinion. Intel may respond within ten days of Plaintiffs' motion.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 29th day of January, 2014.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE