## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

### DATE:  2/4/14

| | |
|---|---|
| **JUDGE** | **REPORTER:** Jan Mason |
| JOHN LOVE | **LAW CLERK:** Jennifer McCollough |

| | |
|---|---|
| **STRAGENT, LLC., ET AL**<br>Plaintiff | **CIVIL ACTION NO:  6:11cv421** |
| **vs.** | **Motions Hearing**<br>(Documents #180, 183, 184 and 196) |
| **INTEL CORPORATION**<br>Defendant | |

| ATTORNEY FOR PLAINTIFF | ATTORNEY FOR DEFENDANT |
|---|---|
| Eric Albritton<br>Barry Bumgardner<br>Jaime Olin<br>Casey O'Neill | Aaron Matz<br>Chard Campbell<br>Tim Franks<br>Chris Bunt<br>Allen Gardner<br>Deb Coleman |

On this day, came the parties by their attorneys and the following proceedings were had:

**OPEN:** 9:32 am        **ADJOURN:** 12:20 pm

| TIME: | MINUTES: |
|---|---|
| 9:32 am | Case called. The parties introduced themselves and announced ready to proceed. |
| | The Court stated we are here for a motion hearing on 4 motions.  The Court will take them in order of docket entry.  He will start with the Motion for Leave to Supplement the Expert Report of Dr. Stark, document #180. |
| 9:34 am | Mr. Campbell discussed Stragent's shifting claim construction positions.  Discussion made on Intel's diligence.  Supplementation of the Stark report was timely under Rule 26(e)(2)  Rule 26(e)(2)  is the Applicable Standard. |
| 9:47 am | Mr. Bumgardner responded to the motion on behalf of the plaintiff.  He began argument on his motion #180.  Discussion made on the report of Dr. Stark and what is in his report. |

**DAVID J. MALAND, CLERK**

**FILED:**  2/4/14

BY: *Mechele Morris*, Courtroom Deputy

PAGE 2  - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 9:54 am | The Court granted the motion #180 as instructed.  Let's move on to the Motion FOR Leave to File Further Claim Construction Briefing, document #196 |
| 9:56 am | Mr. Campbell began argument on the motion #196 on behalf of the defendant. Discussion made regarding '072 patent, claim 12.  Further discussion made on Stragent's shifting claim construction positions.  Stone revealed additional new claim construction positions for the first time at deposition.  Discussion made on the '072 patent, claim 16. We need more construction on whether the first and second CRC circuits recited in all the asserted claims must be separately and not overlapping, whether the parallel decomposition recited in one asserted claim must calculate a CRC result in a single clock cycle and whether the input data recited in the asserted claims refer to an entire defined packet. |
| 10:09 am | Mr. Bumgardner responded on behalf of the plaintiff and began argument on this motion. In this case, the surrounding claim terms that have already been construed enlighten claim scope sufficiently.  Discussion made on the competing constructions regarding input data.  Discussion made on the competing constructions, parallel decomposition. Further discussion made on input data.  The CRC algorithm divides this large value by a number leaving the remainder, which is the CRC result. |
| 10:34 am | Mr. Campbell further responded and discussed figure 3 in the patent regarding the input, CRC and the operation. |
| 10:40 am | Mr. Bumgardner responded and further argued the motion.  Further discussions made on the existing constructions.  Would the Court like Dr. Stone to reply to Dr. Stark's report? |
| 10:44 am | The Court will allow, there being no objections.  We will take a 10 minute recess. |
| 10:58 am | Court resumed.  The Court will move to the next motion, Motion for Partial Summary Judgment, document #184, |
| 10:59 am | Mr. Campbell began argument on this motion.  The motion relates only to Semiconductor wafers that Intel manufactures in the U.S., not finished products.  Plaintiffs abandoned their section 271(f) claim.  Parties agree that wafers are unfinished products. |
| 11:17 am | Mr. Bumgardner responded and began argument of the motion on behalf of the plaintiff. Discussion made on the CRC circuit and claim 12 of the '072 patent.  "Capable of" does not mean "presently ready to." |
| 11:27 am | Mr. Campbell responded as to Mr. Bumgardner's argument.  Resolution runs on claim construction, a matter of law. |
| 11:34 am | The Court will move to the Motion to Exclude Certain Opinions of Plaintiffs' Damages Expert Christopher Vellturo, document #183. |
| | Mr. Gardner began argument on this motion.  Discussion made on the Fenner opinion from this Court regarding litigation settlements.  Discussion made on Laserdynamics opinion.  Plaintiff must prove comparability.  The settlement agreements must describe how the lump sums were calculated.  Stragent says revenue information is critical.  If they are critical, plaintiff never even put them in agreements.  Mr. Gardner began argument on hedonics.  Hedonic regression is unreliable.  Dr. Vellturo excluded 13 additional features of the accused products. |

PAGE 3  - Proceedings Continued

| TIME: | MINUTES: |
|---|---|
| 11:51 am | Mr. Albritton responded and argued the motion on behalf of the plaintiff.  Discussion made on how his experts came up with royalty rates.  Mr. Albritton began argument on hedonics.  There is no reason to believe that this is unreliable. |
| 12:10 pm | Mr. Gardner further responded.  Discussion made on the Lectec case and the implied royalty.  If things are so important, put it in the agreement. |
|  | The Court thanked the parties for their arguments and will get a ruling as soon as possible. |
| 12:13 pm | Mr. Albritton discussed this case being set for trial on spring break.  He has a family trip and he would like to go, if possible.  If they can have clarity if they will be going straight into evidence that day, or would there be lag? |
| 12:14 pm | Mr. Bunt responded. |
| 12:15 pm | The Court stated it is out of his hands and does not know what Judge Davis' schedule is.  There is the issue of consent and parties can think about that.  Parties should prepare on the 18th, to discuss scheduling with him. |
|  | Mr. Bunt responded.  Is this Court taking up exhibit objections? |
|  | The Court stated pretrial is when this is usually taken up.  If parties need more time to work things out, they may do so.  Try to work it out, and if not, get it in front of his Honor. |
| 12:18 pm | Mr. Bunt will narrow the objections. |
| 12:20 pm | The Court stated if there are large primary objections, he usually takes those up.  There being nothing further, Court is adjourned. |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |