UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

Stragent, LLC,

*Plaintiff*,

v.                                                           Case No. 6:11-cv-421

Intel Corporation,

*Defendant*.

### ORDER AND OPINION DENYING ATTORNEY'S FEES

Before the court is defendant Intel Corporation's (Intel) Amended Motion for Attorneys'
Fees, May 8, 2014, ECF No. 355, along with plaintiff Stragent LLC's (Stragent) Response, May
22, 2014, ECF No. 359, Intel's Reply, May 29, 2014, ECF No. 360, and Stragent's Surreply,
June 5, 2014, ECF No. 361. Intel bases its request for fees on § 285 of the Patent Act, which
permits a court to award reasonable attorney's fees in "exceptional" patent cases. At this point,
Intel has only asked the court to determine Stragent's liability for fees; it states that, if fees are
awarded, it will later file a specific request detailing the amount of its fees. Am. Mot. for Atty's
Fees 3; *see* Fed. R. Civ. P. 54(d)(2)(C) ("The court may decide issues of liability for fees before
receiving submissions on the value of services."). For the reasons that follow, it is the court's
judgment that this is not an exceptional case under § 285. Stragent therefore is not liable for
Intel's attorney's fees, and Intel's motion is **DENIED**.

### BACKGROUND

Stragent commenced this suit in August 2011, when it filed a complaint accusing Intel of
infringing claims of U.S. Patent Nos. 6,848,072 (the '072 patent), 7,028,244 (the '244 patent),

and 7,320,102 (the '102 patent) by manufacturing server processors with hardwired circuits configured to perform cyclic redundancy check (CRC) operations on transmitted data. Only Stragent's infringement allegations under claims 12 and 16 of the '072 patent proceeded to trial.

The trial resulted in a jury verdict finding the asserted claims of the '072 patent invalid and not infringed. Stragent did not file a post-verdict motion for judgment as a matter of law, and it did not appeal. Intel then moved for an award of attorney's fees under 35 U.S.C. § 285.

At the time Intel filed its motion for attorney's fees, the Supreme Court had not yet decided *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 134 S. Ct. 1749 (2014), a case involving the standard for awarding attorney's fees under § 285. The Supreme Court issued its decision in *Octane* between the filing of Intel's motion and Stragent's response. The court granted Intel leave to file an amended motion for attorney's fees incorporating the standard enunciated in *Octane*, and Intel filed its amended motion on May 8, 2014. The matter is now fully briefed and ready for decision.

## DISCUSSION

### I

Before addressing the merits of Intel's motion for attorney's fees, it is necessary to address the proper standard for evaluating whether an award of attorney's fees is appropriate. The Supreme Court's decision in *Octane* has changed the governing standard.

### A

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Section 285 restricts awards of attorney's fees to "exceptional" cases. Section 285 is itself an exception to what is often called

the "American Rule"—the rule in American courts that each party to a lawsuit generally pays its own lawyers' fees, no matter who wins.

Until recently, the determination of whether a case was "exceptional" under § 285 was governed by the standard enunciated by the Federal Circuit in *Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005). *Brooks Furniture* held:

> A case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct that violates [Rule 11 of the Federal Rules of Civil Procedure], or like infractions. Absent misconduct in conduct of the litigation or in securing the patent, sanctions may be imposed against the patentee only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless. . . . [T]he underlying improper conduct and the characterization of the case as exceptional must be established by clear and convincing evidence.

*Id.* at 1381–82 (citations omitted). Thus, under the *Brooks Furniture* standard, absent litigation misconduct or inequitable conduct before the patent office, a defendant seeking attorney's fees had to prove by clear and convincing evidence that (1) the litigation was brought in subjective bad faith and (2) the litigation was objectively baseless.

In *Octane*, the Supreme Court rejected the *Brooks Furniture* test, stating that it "is unduly rigid, and it impermissibly encumbers the statutory grant of discretion to district courts." 134 S. Ct. at 1755. Instead, the Court looked to the history of the statute and earlier circuit case law for the correct test.

Fee-shifting authority in patent cases originated in a predecessor to § 285, a provision of the 1946 Patent Act which stated that a district court "may in its discretion award reasonable attorney's fees to the prevailing party upon the entry of judgment in any patent case." 134 S. Ct. at 1753 (quoting 35 U.S.C. § 70 (1946)). Although the provision ostensibly gave district courts authority to shift fees in "any patent case," *id.*, courts exercised their discretion sparingly,

3

"view[ing] the award of fees not 'as a penalty for failure to win a patent infringement suit,' but as appropriate 'only in extraordinary circumstances.'" *Id.* at 1753 (quoting *Park-In-Theatres, Inc. v. Perkins*, 190 F.2d 137, 142 (9th Cir. 1951)). Awards of attorney's fees were made where necessary "to address 'unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force,' which made a case so unusual as to warrant fee-shifting." *Id.* (quoting *Park-In-Theatres*, 190 F.2d at 142).

In 1952, Congress amended and re-codified the fee-shifting provision to its present form, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285 (1952). The *Octane* Court explained that "the addition of the phrase 'exceptional cases in § 285,'" though arguably substantive, "was 'for purposes of clarification only.'" 134 S. Ct. at 1753 (quoting *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 653 n.8 (1983)). The Senate Report accompanying the 1952 Act "explained that the new provision was 'substantially the same as' § 70, and that the 'exceptional cases' language was added simply to 'expres[s] the intention of the [1946] statute as shown by its legislative history and as interpreted by the courts.'" *Id.* n.2 (alterations in original) (quoting S. Rep. No. 82-1979, at 30 (1952), *reprinted in* 1952 U.S.C.C.A.N. 2394, 2423). The *Octane* Court concluded that both before and after the 1952 amendment (until *Brooks Furniture*) the regional circuits and later the Federal Circuit applied § 285 only in rare cases and "in a discretionary manner, assessing various factors to determine whether a given case was sufficiently 'exceptional' to warrant a fee award" and considering "the totality of the circumstances." *Id.* at 1753–54.

The Court explained that the pre-*Brooks Furniture* standard was the right one. *See id.* at 1753–54 (citing approvingly *Park-In-Theatres*, 190 F.2d at 142; *Pa. Crusher Co. v. Bethlehem Steel Co.*, 193 F.2d 445, 451 (3d Cir. 1951)). Rather than imposing a two-part test, the Court

4

held, § 285 "imposes one and only one constraint on district courts' discretion to award attorney's fees in patent litigation: The power is reserved for 'exceptional' cases." *Id.* at 1755–56. "[A]n 'exceptional' case," the court explained further, "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Citing an analogous case involving the attorney's fees provision of the Copyright Act, the Court cautioned that "'[t]here is no precise rule or formula for making these determinations,' but instead equitable discretion should be exercised 'in light of the considerations we have identified.'" *Id.* (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994)). The Court also concluded that entitlement to attorney's fees under § 285 need only be established by a preponderance of the evidence, rather than clear and convincing evidence as the Federal Circuit had held in *Brooks Furniture*. *Id.* at 1758.

**B**

A number of general guidelines can be discerned from the *Octane* Court's treatment of § 285 that guide this court in assessing whether an award of fees is proper in a given case.

First, awards of attorney's fees in patent cases should be reserved for rare and unusual circumstances, as the Court explained. *See id.* at 1756 ("In 1952, when Congress used the word in § 285 . . . '[e]xceptional' meant uncommon, rare, or not ordinary." (internal quotation marks omitted)). In this regard, the Court approvingly cited the Ninth Circuit's decision in *Park-In-Theatres*, decided under the original fee-shifting statute, which admonished that courts should only award attorney's fees where necessary to correct injustice:

> [T]he payment of attorney's fees for the victor is not to be regarded as a penalty for failure to win a patent infringement suit. The exercise of discretion in favor of such an allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, or some other equitable consideration of similar force, which makes it grossly unjust that the winner of the particular law suit be left to bear the burden of his own counsel fees which prevailing litigants normally bear.

190 F.2d at 142.

Second, courts contemplating an award of attorney's fees should consider the totality of the circumstances in the case. *See Octane*, 134 S. Ct. at 1756 ("District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances."). The predominant factors to be considered, though not exclusive, are those identified in *Brooks Furniture*: bad faith litigation, objectively unreasonable positions, inequitable conduct before the PTO, litigation misconduct, and (in the case of an accused infringer) willful infringement. *Id.* at 1756 ("[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated."); *see also id.* n.6 (reciting various factors identified in *Fogerty*, 510 U.S. at 534 n.19). "[A] case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id.* at 1757. The totality of the circumstances standard is not, however, an invitation to a "kitchen sink" approach where the prevailing party questions each argument and action of the losing party in an effort to secure attorney's fees. In adopting the totality of the circumstances approach, the Supreme Court did not intend to burden the district court with reviewing in detail each position and each action taken in the course of litigation by the losing party.

Third, the mere fact that the losing party made a losing argument is not a relevant consideration; rather, the focus must be on arguments that were frivolous or made in bad faith. *See id.* at 1753 (fee awards are not to be used "'as a penalty for failure to win a patent

6

infringement suit'" (quoting *Park-In-Theatres*, 190 F.2d at 142)). To impose fees on a party simply for making losing arguments would be the same in effect as fully adopting the English Rule, whereby the losing party always pays the winner's fees.

Fourth, the losing party's conduct need not be "independently sanctionable" to justify an award of fees. *Id.* at 1756. "A district court may award fees in the rare case in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Id.* at 1757. If a party's conduct is independently sanctionable, courts already have authority to force it to pay the other party's attorney's fees caused by the unreasonable conduct. *See* Fed. R. Civ. P. 11(c)(4); Fed. R. Civ. P. 37; 28 U.S.C. § 1927. Furthermore, as the *Octane* Court explained, the Supreme Court has long recognized courts' inherent power to shift fees "for 'willful disobedience of a court order' or 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Octane*, 134 S. Ct. at 1758 (omission in original) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). Interpreting § 285 to provide a duplicate remedy for conduct that is already sanctionable would render these other sources of fee-shifting authority "superfluous." *Id.*

Fifth, the statute is directed to exceptional "cases." Individual actions or arguments in the course of litigation that merit sanctions may be addressed through the court's inherent powers or through statutes and rules of procedure intended for those purposes. The determination of whether attorney's fees are warranted under § 285 should be a determination of whether in light of the totality of the circumstances the case *as a whole* is exceptional. In this regard, § 285 is of a kind with other statutes that allow district courts to award attorney's fees to the prevailing party. *See, e.g.*, 15 U.S.C. § 1117(a) (Lanham Act); 17 U.S.C. § 505 (Copyright Act). The relevant

considerations are to be viewed together and at the conclusion of the case. The procedure for awarding attorney's fees under § 285 is governed by Rule 54(d) of the Federal Rules of Civil Procedure.

Sixth, the relevant considerations for a determination of whether a case is "exceptional" may include the conduct of the winning party—for example, whether the winning party advanced arguments in bad faith or committed litigation misconduct. As the Court emphasized in *Octane*, the decision to award attorney's fees is one of "'equitable discretion.'" 134 S. Ct. at 1756 (quoting *Fogerty*, 510 U.S. at 534); *see also id.* at 1754 (describing the early cases under § 285 and its predecessor as taking a "holistic, equitable approach"); *Park-In-Theatres*, 190 F.2d at 142 ("The exercise of discretion in favor of such an allowance should be bottomed upon a finding of unfairness or bad faith in the conduct of the losing party, *or some other equitable consideration of similar force . . . .*" (emphasis added)). The equitable force of bad conduct of the losing party may be diminished depending on the conduct of the winning party.

Finally, the standard of proof is a preponderance of the evidence, rather than clear and convincing evidence as before. *Octane*, 134 S. Ct. at 1758.

## II

Here, Intel moves for an award of attorney's fees based on both the substantive lack of strength of Stragent's litigating positions and Stragent's conduct during litigation. Intel's motion is fairly characterized as taking the "kitchen sink" approach that this court concluded is unwarranted. Intel's arguments are in any event insufficient. In light of the standards discussed in the Supreme Court's decision in *Octane*, the court finds that this case is not "exceptional" and that Intel's motion for an award of attorney's fees should be denied.

Intel's motion is primarily based on the fact that Stragent made losing arguments. As explained above, that is not a ground for finding a case exceptional. Every case will have a loser. To show that the case is "exceptional" under § 285, Intel must show that it "stands out from others." *Octane*, 134 S. Ct. at 1756. Intel's arguments concerning aspects of Stragent's damages theory, Stragent's contention that nominal patent owner TAG Foundation had standing as a co-plaintiff, Stragent's proposed construction of claim 16 of the '072 patent, and Stragent's position that no supplemental claim construction was necessary are unavailing. These were losing arguments, but they were not frivolous.

Putting to one side Intel's "losing arguments" theory, Intel's main argument is that Stragent's theory of infringement was "implausible" and that "no reasonable litigant could argue" that the accused devices satisfied the claim limitations. Am. Mot. for Atty's Fees 5. The claim limitation at issue requires a "demultiplexer" that receives instructions "indicating which of [two CRC circuits] is to perform the CRC operation thereby providing an indicated circuit." '072 patent col. 7 ll. 6, 7–9. According to Intel, the plain language of the claim—"indicating which of the first and second circuits *is* to perform the CRC operation thereby providing *an* indicated circuit," *id.* (emphasis added),—means only one of the circuits is selected for each mode of operation. But Stragent's infringement theory was that Intel's accused devices satisfied the limitation by using one CRC circuit in one mode of operation and both CRC circuits in the other. Intel argues that "[s]imply put, two is not one, and no reasonable litigant could argue otherwise." Am. Mot. for Atty's Fees 5.

Stragent's argument was certainly a weak one, but despite the alleged implausibility of Stragent's position, Intel never sought summary judgment of non-infringement on the basis of the limitation at issue. This suggests that Intel did not always view Stragent's infringement

position as frivolous. There is little injustice in forcing Intel to bear its own attorney's fees for defending a claim it did not challenge on summary judgment.  Disposing of a frivolous claim on summary judgment would avoid a trial and have the effect of saving both parties a substantial portion of their litigation costs.

Intel also contends that Stragent's position on the validity of the asserted claims was frivolous. In hindsight, Stragent's validity argument was certainly not a winning position, but the disputes between the parties over invalidity and related claim construction questions were real and substantial. In fact, Stragent prevailed in the majority of disputed claim constructions. It simply lost the jury verdict. As explained above, the mere fact that a party makes losing arguments is not relevant to the awarding of attorney's fees.

Finally, Intel argues that Stragent delayed in disclosing certain positions and in abandoning certain other claims and positions, and that this constituted litigation misconduct. It did not. Nor does this court see litigation misconduct in Intel's allegation that Stragent filed infringement suits against Intel customers in an effort to force a settlement of this case. Nor, contrary to Intel's position, did Stragent engage in bad faith discovery. The court notes that Intel never sought discovery sanctions against Stragent or even a court ruling limiting the scope of discovery.

As this court remarked more than once, counsel for both sides were cooperative in reaching stipulations and minimizing disputes over collateral issues throughout the case. This not only saved the court's time, but surely lowered the parties' costs as well. Such professionalism is to be commended, and it weighs against a finding that an award of attorney's fees is warranted.

**CONCLUSION**

For the reasons discussed above, this case is not one that "stands out from others with respect to the substantive strength of [Stragent's] litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane*, 134 S. Ct. at 1756. It is not an "exceptional case[]" warranting an award of attorney's fees under § 285. Intel's motion for attorney's fees is denied.

Signed and ordered August 6, 2014.

_____
Hon. Timothy B. Dyk
United States Circuit Judge[*]

_____
[*]   Of the United States Court of Appeals for the Federal Circuit, sitting by designation.